# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 21-1239V**

|  |  |
|---|---|
| ABRAHAM KLEIN *and* SHIFRA KAHAN, *parents and natural guardians of C.K., a minor,*<br><br>     Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: February 17, 2026 |

*Robert Joel Krakow, Law Office of Robert J. Krakow, P.C. New York, NY, for Petitioner.*

*Katherine Edwards, U.S. Department of Justice, Washington, DC, for Respondent.*

### FINDINGS OF FACT AND CONCLUSIONS OF LAW DISMISSING TABLE CLAIM AND TRANSFER ORDER[1]

On April 19, 2021, Petitioners initiated this action on behalf of their minor child, C.K, for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioners allege that C.K. developed immune thrombocytopenic purpura ("ITP") – a Table injury – after receiving measles-mumps-rubella ("MMR"), influenza, and varicella vaccines on October 17, 2018. Pet. at 1, ECF No. 1. Petitioners alternatively allege (as an off-Table claim) that C.K.'s vaccinations were the cause-in-fact of C.K.'s ITP. *Id.* The claim was assigned to the "Special Processing Unit" (the "SPU").

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Respondent filed his Rule 4(c) Report in defense of this case on October 22, 2024. Respondent's Report, ECF No. 44. In it, he argued that the onset of C.K.'s injury did not occur within seven to thirty days of vaccination (as required for a Table ITP claim). *Id.* at 11. Rather, the medical records establish "the onset of C.K.'s ITP occurred *no earlier* than late December 2018 which was [75] days after her MMR vaccination," and thus well outside the Table's window. *Id.* (citing Ex. 1 at 17, 21; Ex. 2 at 29, 35, 39) (emphasis in original). And, even Petitioners' affidavits support an onset that occurred in early December (approximately 47 days post vaccination) - still outside the Table timeframe. *Id.* at 11-12 (citing Ex. 8 at 1; Ex. 9 at 2-3; Ex. 10 at 2).

Because Respondent's objections appeared to have some basis, I issued an Order to Show Cause identifying the critical deficiencies apparent from the filed record related to the onset of C.K.'s ITP and noting that dismissal of the Table claim is likely for this reason unless Petitioners can better substantiate it. ECF No. 45. I also noted that a second issue exists related to Petitioners' Table ITP claim, as the filed record shows C.K. had an intervening viral infection (evidenced by a fever) between the MMR vaccine and onset of her ITP, which is likewise an exclusionary criterion for a Table ITP claim. *See id.* at 1, n.2 (citing Ex. 2 at 29; Ex. 10 at 2). In reaction, Petitioners confirmed that no outstanding relevant medical evidence exists, and requested the opportunity to retain an expert to support "a causation-in-fact claim that the MMR vaccination administered to C.K. caused her [ITP]." ECF No. 47 at 2.

The existing medical record supports Respondent's onset objection. C.K. received the subject MMR vaccine on October 17, 2018. Ex. 1 at 21. Approximately 77 days post vaccination, on January 2, 2019, Petitioners brought C.K. to her pediatrician with reports of bruising over the left lower quadrant. *Id.* at 17. At that time, Petitioners stated that C.K. had been "having bruising *over the past few days*" – meaning since no later than the last days of December 2018. *Id.* (emphasis added). A physical examination revealed scattered petechiae, a hematoma on the lower left quadrant, and other scattered bruises including on the chin and lower extremities. *Id.* The pediatrician suspected C.K. had ITP (though a complete blood count was within normal limits). *Id.* at 18.

Petitioners then took C.K. to the emergency room ("ER") the same day, reporting that they "first noticed bruising to lower left [abdomen] yesterday[,]" January 1, 2019 (thus 76 days post vaccination); C.K. was admitted that day. Ex. 2 at 29, 35. The attending physician noted that C.K. "had a fever to 100.4, 3 weeks ago but no other recent illness." *Id.* at 29. A subsequent note from January 3, 2019, states that Petitioners "noted bruising [on the] day prior to admission" – on January 1, 2019. *Id.* at 39. C.K. was assessed with ITP and discharged on January 3, 2019. Ex. 2 at 37-38, 42, 49, 56-57.

On January 4, 2019, Petitioners brought C.K. back to her pediatrician for ongoing complaints of bruises, bleeding from her mouth, crankiness, inability to sleep, and poor appetite. Ex. 1 at 15. The pediatrician noted the "onset" as "3-7 days[,]" thus around late December 2018 – early January 2019. *See id.*

During a hematology follow-up visit on February 5, 2019, C.K.'s treater's assessment noted that C.K. had "severe isolated thrombocytopenia since 1/2/19 [consistent with] acute ITP[.]" *See* Ex. 1 at 101; *see also id.* at 96 (a note from February 26, 2019, reiterating the same note regarding onset on January 2, 2019); *id.* at 92 (carrying this notation over into C.K.'s follow-up visit on March 19, 2019); *id.* at 88 (repeating the note again on April 16, 2019). Finally, during a hematology visit on September 24, 2019 (wherein her recent treatment with IVIG was discussed), C.K.'s treater noted that she "[i]nitially began with symptoms in 12/2018[.]" Ex. 13 at 2.

In order to qualify for a Table presumption of causation for ITP for an MMR vaccine, a petitioner must establish that onset occurs between seven and thirty days after vaccination. 42 C.F.R. Section 100.3(V)(A). The Qualifications and Aids to Interpretation ("QAI") criteria for thrombocytopenic purpura require clinical manifestations such as petechiae, bruising, bleeding, and a platelet count of less than 50,000 µL. 42 C.F.R. Section 100.3(c)(7). The QAI also specifies that an intervening viral infection between the MMR vaccine and onset is an exclusionary criterion. *Id*.

As articulated in my Order to Show Cause and confirmed above, the contemporaneous medical records do not provide support for an onset of ITP within the defined Table period. The Petitioners appear to accept this finding, but request the opportunity to obtain expert report for the claim that ITP onset could begin 47 days, or several months post vaccination. ECF No. 47 at 2. The case will accordingly be transferred to permit them that opportunity.

### Conclusion

Petitioners cannot proceed with a Table ITP claim in this matter, and therefore any such claim is hereby **DISMISSED.** Petitioners' non-Table and/or significant aggravation claim, however, may proceed – although this will occur outside of SPU.

**Pursuant to Vaccine Rule 3(d), the above-captioned case is hereby transferred out of SPU and reassigned randomly to a Special Master by the Clerk's Office. Further proceedings will be determined by the assigned Special Master.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master